UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JAY LORIGO, | 1:11-CV-01031 OWW GSA HC |
|        Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| KATHY ALLISON, | |
|        Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 21, 2011, Petitioner filed the instant petition for writ of habeas corpus. He is currently incarcerated at the California Substance Abuse Treatment Facility at Corcoran serving a sentence of fifteen years to life for his 1988 convictions of second degree murder, vehicular manslaughter, and driving under the influence of alcohol causing a fatality. (See Petition at 2.) He presents the following claims for relief: 1) He claims the sentencing court imposed an illegal sentence based on the procedures, policies and practices of the California Board of Parole Hearings (hereinafter "Board"); 2) He alleges the Board has violated the Ex Post Facto Clause of the Constitution by invoking Marsy's Law, thereby inflicting a greater punishment for his crime; 3) He asserts the superior court failed to issue an order to show cause and hold an evidentiary hearing in

violation of his constitutional rights; and 4) He claims the superior court unreasonably determined the facts in its denial of his habeas petition that challenged the Board's denial of parole.

## DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Claim

The majority of Petitioner's claims concern the decision of the California Board of Parole Hearings.  In his first claim, Petitioner takes issue with the policies, practices and procedures of the Board as applied in its decision to deny him parole.  In his third and fourth claims, he challenges the state court decision upholding the Board's denial of parole.  These claims are foreclosed by the Supreme Court's decision in Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011).  In Swarthout, the Supreme Court held that the federal habeas court's inquiry into whether a prisoner who has been denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).  Petitioner does not contend he was denied these procedural due process guarantees, and in any case, the parole hearing transcript reflects that he was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (See Petition Ex. A.) According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process."

Swarthout, 131 S.Ct. at 862. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, Petitioner's challenges to the Board's denial of parole and the California court decisions upholding the Board's denial fail to present cognizable federal claims for relief and must be dismissed.

Petitioner's challenge to his underlying sentence in his first claim must also be dismissed. Insofar as he was sentenced in 1988, any challenge to his conviction and sentence is untimely under 28 U.S.C. § 2244(d). In addition, the conviction he challenges was sustained in Los Angeles County Superior Court. Therefore, the appropriate forum to raise a challenge to the underlying conviction and sentence is the Central District of California.

Petitioner's second claim for relief, that the Board violated the Ex Post Facto Clause by invoking Marsy's Law, is without merit. For a statute to violate the Ex Post Facto Clause, it must: (a) punish as a crime an act previously committed, which was innocent when done; (b) make more burdensome the punishment for a crime, after its commission; or (c) deprive one charged with crime of any defense available according to law at the time when the act was committed. See Collins v. Youngblood, 497 U.S. 37, 42 (1990); Beazell v. Ohio, 269 U.S. 167, 169–70 (1925). In this context, a retroactive procedural change violates the Ex Post Facto Clause only if it "creates a significant risk of prolonging [an inmate's] incarceration." Garner v. Jones, 529 U.S. 244, 251 (2000). A "speculative" or "attenuated possibility" of prolonging incarceration is insufficient to establish a violation of the Ex Post Facto Clause. Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 509 (1995) In Morales, 514 U.S. at 509, the Supreme Court expressly rejected an Ex Post Facto challenge to a California statute that reduced the frequency of parole reconsideration hearings for prisoners convicted of multiple murders. Finding that the law "did not modify the statutory punishment imposed for any particular offenses," "alter the standards for determining either the initial date of parole eligibility or an inmate's suitability for parole," or "change the basic structure of California's parole law," the Supreme Court held that retroactive application of the statute did not create "a sufficient risk of increasing the measure of punishment attached to the covered crimes." See also Garner, 529 U.S. at 250, *citing* Morales, 514 U.S. 499. Similarly, Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," does not violate the Ex Post Facto Clause because its

application does not modify the statutory punishment imposed for petitioner's commitment offense, nor does it alter the formula for earning sentence reduction credits or the standards for determining Petitioner's initial parole eligibility date or his suitability for parole. Further, it does not change the basic structure of California's parole law since the Board still must consider the same factors in determining parole suitability. See Cal.Penal Code § 3041(b) (as amended).

In addition, the Court notes that Penal Code section 3041.5 has been amended several times to allow for longer periods of time between parole suitability hearings, and Ex Post Facto challenges to those amendments have all been rejected. See, e.g., Morales, 514 U.S. at 509 (1981 amendment to section 3041.5, which increased maximum deferral period of parole suitability hearings to five years did not violate the Ex Post Facto Clause because it simply altered the method of setting a parole release date and did not create a meaningful "risk of increasing the measure of punishment attached to the covered crimes"); Watson v. Estelle, 886 F.2d 1093, 1097-98 (9th Cir.1989) (not a violation of the Ex Post Facto Clause to apply section 3041.5(b)(2)(A) to prisoners sentenced to life imprisonment prior to the 1977 implementation of California's Determinate Sentence Law); see also Garner v. Jones, 529 U.S. 244, 249 (2000) (upholding Georgia's change in the frequency of parole hearings for prisoners serving life sentences, from three to eight years); Gilman v. Schwarzenegger, 638 F.3d 1101 (2011) (reversing the district court's order granting Plaintiff's motion for preliminary injunction because it was unlikely that plaintiffs would succeed on the merits of their Ex Post Facto Clause challenge to Marsy's law). For these reasons, Petitioner's challenge to Proposition 9, "Marsy's Law," fails.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file

1 written objections with the Court.  Such a document should be captioned "Objections to Magistrate
2 Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling
3 pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the
4 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
5 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 7, 2011**                        /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE